**Jerry BUTLER, James G. Harris,**
**Plaintiffs–Appellants,**

v.

**NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND, Defendant–Appellee.**

No. 05–1432–cv.

United States Court of Appeals,
Second Circuit.

March 3, 2006.

Jerry Butler, Decatur, Georgia James G. Harris, Canal Fulton, Ohio, for Appellants, pro se.

Donald L. Havermann, Buffalo, New York Gerald J. Green, Utica, New York, for Appellee.

* The Honorable Richard K. Eaton of the United States Court of International Trade, sitting by

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. RICHARD K. EATON, Judge.*

### SUMMARY ORDER

Appellants Jerry Butler and James G. Harris appeal from a February 16, 2005 judgment granting appellee's motion for summary judgment and dismissing appellants' complaint under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* We assume the parties' familiarity with the factual background of the case, its relevant procedural history and the issues on appeal.

This Court reviews orders granting summary judgment *de novo,* focusing on whether the district court properly concluded that there was no genuine issue of material fact and that the moving party was entitled to summary judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

We agree with the district court that, based on the language in the plan document, the arbitrary and capricious standard of review applies to the Board of Trustees' calculations of appellants' benefits. *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (holding that an arbitrary or capricious standard of review applies when an ERISA plan gives fiduciary or administrator discretionary authority to determine eligibility for benefits or to construe terms of plan). The only disputed issue raised by the appellants in challenging the Board's calculation is whether the Board improperly calculated their benefits under a 1997 plan agreement that postdated their time of service, based on letters from the appellee indicating that

designation.

the Board had used that agreement. The mere existence of those letters, without more, is insufficient to raise issues of material fact, because it is apparent from the record that the Board used only the pertinent 1964 plan agreement in doing the calculations. Under the 1964 agreement, Butler's benefits were mathematically correct. To the extent that there may have been a mathematical error in the calculation of Harris's benefits, such error was harmless because Harris received the benefit arrived at by applying his normal pension, which was higher than either the number given in the appellee's memorandum of law or the number reached through a correct application of the relevant formula. Accordingly, there are no material issues in dispute suggesting that the Board acted arbitrarily or capriciously in calculating appellants' benefits.

The appellants further contend that the appellee should be subject to sanctions for engaging in intentional deception by failing to provide Butler with a copy of the 1997 plan agreement upon request. However, the record supports the district court's conclusion that the appellee made a good-faith effort to comply with Butler's requests.

For the reasons discussed, the judgment of the district court is affirmed.